UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DENNIS RAMIREZ,

                        Plaintiff,

   -against-

THE CITY OF NEW YORK, DETECTIVE
OGHENEVIGHD OKROKOTO, Shield #7008, POLICE
OFFICER CECILIA PENA, Shield #1303, DETECTIVE
DENISE RINALDI, Shield #4972, DETECTIVE
WINSTON MCDONALD, Shield #4785, SERGEANT
AIMAN AHMED, Shield #3429, POLICE
OFFICERS JOHN/JANE DOE(S) #S 1-10,

                       Defendants.
------------------------------------------------------------X

**AMENDED COMPLAINT**

PLAINTIFF DEMANDS TRIAL BY JURY

14-cv-4187(FB)(MDG)

     Plaintiff DENNIS RAMIREZ, for his complaint, by his attorney DAVID A. ZELMAN, upon information and belief, respectfully alleges as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff DENNIS RAMIREZ (hereinafter "RAMIREZ" or "Plaintiff") seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. On or about January 2, 2014, RAMIREZ was falsely arrested by employees of the City of New York, including but not limited to Detective Oghevevighd Okrokoto, Shield #7008, Police Officer Cecilia Pena, Shield #1303, Detective Denise Rinaldi, Shield #4972, Detective Winston McDonald, Shield #4785, and Sergeant Aiman Ahmed, Shield #3429. As a result of the violation of his constitutional rights, RAMIREZ suffered physical and mental injuries.

## II. <u>JURISDICTION</u>

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over Plaintiff's state law claims.

## III. <u>PARTIES</u>

3. RAMIREZ at all times relevant hereto resided in Brooklyn, NY.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant DETECTIVE OGHENEVIGHD OKROKOTO, Shield #7008, (hereinafter "OKROKOTO") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment. OKROKOTO is sued in their official and individual capacity.

6. Defendant POLICE OFFICER CECILIA PENA, Shield #1303, (hereinafter "PENA") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment. PENA is sued in their official and individual capacity.

7. Defendant DETECTIVE DENISE RINALDI, Shield #4972, (hereinafter "RINALDI") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as

2

agent, servant, and/or employee of Defendant CITY and within the scope of their employment. RINALDI is sued in their official and individual capacity.

8. Defendant DETECTIVE WINSTON MCDONALD, Shield #4785, (hereinafter "MCDONALD") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment. MCDONALD is sued in their official and individual capacity.

9. Defendant SERGEANT AIMAN AHMED, Shield #3429, (hereinafter "AHMED") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment. AHMED is sued in their official and individual capacity.

10. Defendants POLICE OFFICERS JOHN/JANE DOE(S) (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment. DOE(S) are sued in their official and individual capacity.

11. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

12. On or about January 2, 2014, at approximately 6:00 P.M., RAMIREZ was at or near the intersection of Avenue I and Coney Island Avenue in Brooklyn, NY.

13. RAMIREZ was approached by employees of the City of New York, including but not limited to Defendants OKROKOTO, RINALDI and MCDONALD.

14. Defendant officers performed a search of RAMIREZ's person.

15. RAMIREZ was handcuffed and falsely arrested along with another individual, by Defendants and transported to the 70th precinct. Defendant MCDONALD was assigned as the arresting officer. According to the police records, Defendant AHMED was the supervisor who approved the arrest.

16. RAMIREZ was then transferred to Central Booking.

17. RAMIREZ was detained approximately 21 hours before he was arraigned and released on his own recognizance.

18. RAMIREZ was charged with violations of PL 220.03 Criminal Possession of a Controlled Substance in the Seventh Degree. Defendant PENA signed the criminal court complaint.

19. All charges were dismissed on February 19, 2014.

20. That heretofore and on the 29th day of March, 2014, RAMIREZ's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of RAMIREZ, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

21. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
## Pursuant to § 1983 (FALSE ARREST)

22. Paragraphs 1 through 21 of this complaint are hereby realleged and incorporated by reference herein.

23. That Defendants had neither valid evidence for the arrest of RAMIREZ nor legal cause or excuse to seize and detain him.

24. That in detaining RAMIREZ without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the NYPD under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. RAMIREZ was but one of those persons.

25. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

26. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. In addition, the City of New York had and has a policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

27. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of RAMIREZ's rights alleged herein.

5

28. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of RAMIREZ's rights, subjected RAMIREZ to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

29. By reason of the foregoing, RAMIREZ suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### VI. SECOND CAUSE OF ACTION
Pursuant to State Law (FALSE ARREST)

30. Paragraphs 1 through 29 are hereby realleged and incorporated by reference herein.

31. That the seizure, detention and imprisonment of RAMIREZ was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

32. That Defendants intended to confine RAMIREZ.

33. That RAMIREZ was conscious of the confinement and did not consent to it.

34. That the confinement was not otherwise privileged.

35. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of RAMIREZ's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

36. That by reason of the foregoing, RAMIREZ suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to § 1983 (MALICIOUS PROSECUTION)

37. Paragraphs 1 through 36 are hereby realleged and incorporated by reference herein.

38. That Defendants, with malicious intent, arrested RAMIREZ and initiated a criminal proceeding despite the knowledge that RAMIREZ had committed no crime.

39. That all charges against RAMIREZ were terminated in his favor.

40. That there was no probable cause for the arrest and criminal proceeding.

41. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of RAMIREZ'S rights, deprived RAMIREZ of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

42. That upon information and belief, Defendants had a policy and/or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, RAMIREZ was maliciously prosecuted despite the fact that he had committed no violation of the law.

43. That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

44. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be

properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

45. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of RAMIREZ's rights alleged herein.

46. That in so acting, Defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

47. That upon information and belief, in 2014, Defendant CITY had a policy or routine practice of alleging facts against persons for the purpose of charging crimes they did not commit.

48. That by reason of the foregoing, RAMIREZ suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## VIII. FOURTH CAUSE OF ACTION
Pursuant to State Law (MALICIOUS PROSECUTION)

49. Paragraphs 1 through 48 are hereby realleged and incorporated by reference herein.

50. That Defendants acted with malicious intent, arrested Plaintiff RAMIREZ and initiated a criminal proceeding despite the knowledge that RAMIREZ had committed no crime.

51. All charges against RAMIREZ have been dismissed.

52. That there was no probable cause for the arrest and criminal proceedings.

53. That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of

        RAMIREZ's rights, deprived RAMIREZ of his liberty when they maliciously prosecuted him in violation of the Laws of the State of New York.

54. That by reason of the foregoing, RAMIREZ suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## IX. FIFTH CAUSE OF ACTION
### Pursuant to § 1983 (DENIAL OF FAIR TRIAL)

55. Paragraphs 1 through 54 are hereby realleged and incorporated by reference herein.

56. By fabricating evidence, defendants violated RAMIREZ's constitutional right to a fair trial.

57. Defendants were aware or should have been aware of the falsity of the information used to prosecute plaintiff.

58. As a result of the above constitutionally impermissible conduct, RAMIREZ was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

## X. SIXTH CAUSE OF ACTION
### Pursuant to §1983 (FAILURE TO INTERVENE)

59. Paragraphs 1 through 58 are hereby realleged and incorporated by reference herein.

60. That Defendants failed to intervene when Defendants knew or should have known that RAMIREZ's constitutional rights were being violated.

61. That Defendants had a realistic opportunity to intervene on behalf of RAMIREZ, whose constitutional rights were being violated in their presence.

62. That a reasonable person in the Defendants' position would know that RAMIREZ's constitutional rights were being violated.

63. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of RAMIREZ's rights, deprived RAMIREZ of his liberty when they failed to intervene to protect him from Defendants' use of excessive force, in violation of RAMIREZ's rights pursuant to Fourteenth Amendment of the United States Constitution.

64. That upon information and belief, Defendants had a policy and /or custom of failing to intervene to protect citizens from excessive force by police officers. Thus, as a result of the above described policies and customs, RAMIREZ was not protected from Defendants' unconstitutional actions.

65. That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

66. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

67. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of detainees and were the cause of the violations of RAMIREZ's rights alleged herein.

68. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

69. That by reason of the foregoing, RAMIREZ suffered physical and psychological injuries, traumatic stress, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## XI. SEVENTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

70. Paragraphs 1 through 69 are hereby realleged and incorporated by reference herein.

71. That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

72. That at all times Defendants were acting within the scope of their employment.

73. That Defendant CITY was able to exercise control over Defendants activities.

74. That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior. By reason of the foregoing, RAMIREZ suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## XII. EIGHTH CAUSE OF ACTION
### Pursuant to § 1983 (ILLEGAL SEARCH)

75. Paragraphs 1 through 74 are hereby realleged and incorporated by reference herein.

76. That Defendants searched RAMIREZ's person.

77. That Defendants' search of RAMIREZ's person was unlawful in that Defendants did not obtain a search warrant before search RAMIREZ's person, lacked probable cause to search RAMIREZ's person, and lacked probable cause to arrest RAMIREZ.

78. That upon information and belief, defendant CITY has a policy and/or custom of unlawfully searching persons.

79. By reason of the unlawful search of RAMIREZ's person, Defendants, acting in gross and wanton disregard of plaintiffs' rights, deprived RAMIREZ of his privacy and property, in violation of rights secured to him under the Fourth and Fourteenth Amendments of the United States Constitution.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, RAMIREZ has suffered and will continue to suffer economic injuries, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, RAMIREZ respectfully requests that judgment be entered:

1. Awarding RAMIREZ compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding RAMIREZ punitive damages in an amount to be determined by a jury;

3. Awarding RAMIREZ interest from January 2, 2014;

4. Awarding RAMIREZ reasonable attorney's fees pursuant to 42 USC § 1988; and

5. Granting such other and further relief as to this Court deems proper.

Dated: Brooklyn, New York
       November 12, 2014

DAVID A. ZELMAN, ESQ.
(DZ 3578)
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3072